**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **In the Matter of WILLAMETTE JET BOAT EXCURSIONS, LLC, as owner of the vessels PEREGRINE FALCON, official number 1270354, and OSPREY, official umber 1208727, for Exoneration from or Limitation of Liability.** | Case No. 3:21-cv-1354-SI <br><br> **OPINION AND ORDER** |

Kurt Peterson, HARRANG LONG GARY RUDNICK PC, 1050 SW Sixth Avenue, Suite 1600, Portland, OR 97204; Michael J. Cummins, GIBSON ROBB & LINDH LLP, The Watertower Building, 1255 Powell Street, Emeryville, CA 94608. Of Attorneys for Plaintiff-in-Limitation Willamette Jet Boat Excursions, LLC.

Nicholas J. Neidzwski and Gordon T. Carey, Jr., ANDERSON CAREY WILLIAMS & NEIDZWSKI, 23 Bellwether Way, Suite 101, Bellingham, WA 98225. Of Attorneys for Claimants/Respondents Michael Malizia, Daniel Powter, and Christina Powter.

David Eder and Joel Sturm, Thuemmel Uhle & Eder, 200 SW Market Street, Suite 1900, Portland, OR 97201.  Of Attorneys for Claimants/Respondents Ethan Baxter, Stephanie Baxter, Cayden Connor, Sean Connor, Rebecca Hampson, Anna Haselwood, Andrew Haselwood, Mara Leeders, Emilian Radut, Rowan Hampson, and Allisyn Smith.

**Michael H. Simon, District Judge.**

This case arises out of a collision on the Willamette River between two vessels owned by

Plaintiff-in-Limitation Willamette Jet Boat Excursions, LLC (WJBE). WJBE seeks to limit its

liability under the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501, *et seq*. (Limitation

Act). The Court issued a notice, or monition, under the Limitation Act, ordering all other actions

PAGE 1 – OPINION AND ORDER

to cease and all potential claimants to appear in this action. The issuance of the monition served

as a statutory injunction, precluding persons from pursuing other actions against WJBE.

Michael Malizia, Daniel Powter, and Christina Powter (the Powter Claimants) and Ethan

Baxter, Stephanie Baxter, Cayden Connor, Sean Connor, Rebecca Hampson, Rowan Hampson,

Anna Haselwood, Andrea Haselwood, Mara Leeders, Emilian Radut, and Allisyn Smith (the

Baxter Claimants) (collectively, Claimants) timely appeared. Claimants now move the Court to

stay this action and lift the monition so Claimants may litigate their claim in state court,

continuing a state court action previously filed by the Powter Claimants against, among other

defendants, WJBE. Claimants will add the Baxter Claimants as plaintiffs in that state court case

so that all claims will be litigated in a single state court action. Claimants submit a proposed

stipulation that they contend renders this case suitable for the "single claimant" exception to

injunctions in Limitation Act cases. For the reasons discussed below, the Court grants Claimants'

motion.

## STANDARDS

The Limitation Act permits vessel owners "to limit their liability (if any) to their interest

in the vessel and its freight, provided that the loss was incurred without their privity or

knowledge." *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th

Cir. 2000); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001) ("The

[Limitation] Act allows a vessel owner to limit liability for damage or injury, occasioned without

the owner's privity or knowledge, to the value of the vessel or the owner's interest in the

vessel."). This includes claims for "injury by collision." 46 U.S.C. § 30505(b). The vessel owner

"may bring a civil action in a district court of the United States for limitation of liability." 46

U.S.C. § 30511(a).

"When an action has been brought under [the Limitation Act] and the owner has complied with [the security requirement], all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c). After an action to limit liability has been brought in federal court and the plaintiff-in-limitation has met the necessary requirements, the district court will issue notice requiring all persons who have claims arising out of the same accident to assert them in the district court. This does not amount to an affirmative finding that the shipowner is entitled to protection under the Limitation Act. Instead, this ensures that the question of limitation of liability is decided in the proper forum and in a single action. A claimant may contest the shipowner's "right to exoneration from or the right to limitation of liability." Fed. R. Civ. P. Supp. F(5). "When this occurs, the district court 'determines, in a proceeding known as a *concursus*, issues such as liability, the privity and knowledge of the shipowner, and if necessary, the distribution of the limitation fund.'" *In re Matter of Dushkin*, 2021 WL 2815837, at *2 (D. Ala. July 6, 2021) (quoting *In re Complaint of Aloha Jetski, LLC*, 920 F. Supp. 2d 1143, 1146 (D. Haw. 2013)).

"Congress passed the Limitation Act in 1851 to encourage ship-building and to induce capitalists to invest money in this branch of industry" and for "the purpose of putting American shipping upon an equality with that of other maritime nations that had their own limitation acts." *Lewis*, 531 U.S. at 446-47 (quotation marks omitted). It provides "a concourse for the determination of liability arising out of marine casualties where asserted claims exceed the value of the vessel, so that there can be an effective marshaling of assets." *Anderson v. Nadon*, 360 F.2d 53, 57 (9th Cir. 1966).

Along with federal courts resolving issues of limitation of liability, federal courts have exclusive jurisdiction over admiralty cases. *See* 28 U.S.C. § 1333(1). The same statute that

provides exclusive jurisdiction to federal courts for admiralty cases, however, also contains what

has been called the "savings to suitors" clause. *Id.* ("[D]istrict courts shall have original

jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime

jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise

entitled."). "The . . . 'savings to suitors' clause, leaves state courts competent to adjudicate

maritime causes of action in proceedings 'in personam,' that is, where the defendant is a person,

not a ship or some other instrument of navigation. The savings to suitors clause also permits the

plaintiff to bring an action 'at law' in the federal district court, provided the requirements of

diversity of citizenship and amount in controversy are met." *Ghotra v. Bandila Shipping,*

*Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997) (cleaned up)).

      "Some tension exists between the saving to suitors clause and the Limitation Act. One

statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners

the right to seek limitation of liability in federal court." *Lewis*, 531 U.S. at 448. In resolving this

tension, courts have recognized two exceptions to the district court's exclusive jurisdiction

where (1) the limitation fund exceeds the value of all the claims or (2) there is only a single

claimant. *Id.* at 451; *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983). A case with

"multiple claimants may invoke the single claimant exception through appropriate stipulations."

*Beiswenger v. Carletta*, 86 F.3d 1032, 1040 (11th Cir. 1996) (noting that "[e]very circuit court of

appeals that has expressly addressed this argument has accepted it"); *see also Texaco, Inc. v.*

*Williams*, 47 F.3d 765, 768 (5th Cir. 1995) ("Multiple claimants may reduce their claims to the

equivalent of a single claim by stipulating to the priority in which their claims will be paid from

the limitation fund."). The issue is the content of the stipulations "and how adequately they

PAGE 4 – OPINION AND ORDER

protect the [plaintiff-in-limitation's] right to the limitation of liability." *Matter of*

*Greenberg*, 2008 WL 11508764, at *3 (S.D. Cal. Feb. 4, 2008).

> Before a single claimant may pursue a separate claim, the claimant must:

>> (1) stipulate that the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the right to claim res judicata based on any judgment rendered against the vessel owner outside of the limitation proceedings; and (3) concede the district court's exclusive jurisdiction to determine limitation of liability issues.

*Newton*, 718 F.2d at 962. Courts in the Ninth Circuit also have adopted the Second Circuit's

requirements for additional stipulations "because those requirements are consistent with Ninth

Circuit law and the purposes of the Limitation Act." *Matter of Cantor Enters. Inc.*, 2021

WL 698201, at *3 (S.D. Cal. Feb. 22, 2021) (quotation marks omitted). These added assurances

include:

>> First, that in the event there is a judgment against the limitation plaintiff or any other liable party who may cross-claim or claim over against the limitation plaintiff, and the judgment exceeds the value of the limitation fund, the claimants agree not to seek to enforce the excess judgment pending the resolution of the limitation action. Second, that there is an irrevocable priority of claims. Third, that if the limitation plaintiff is held responsible for attorneys' fees and costs of a claimant or any other party seeking indemnification, such claims shall have first priority.

*Id.* "The district courts . . . have discretion to stay or dismiss Limitation Act proceedings to allow

a suitor to pursue his claims in state court. . . . [Where] the District Court satisfies itself that a

vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is

well within the court's discretion." *Lewis*, 531 U.S. at 454.

PAGE 5 – OPINION AND ORDER

**DISCUSSION**

Claimants propose amended stipulations,[1] which Claimants contend resolve WJBE's

objections and fulfill the requirements to convert this muti-claimant case into the equivalent of a

single-claimant case for purposes of the savings to suitors single claimant exception. Claimants'

proposed stipulations, after amendments in response to comments by WJBE and the Court, are:

1.      That WJBE has the right to litigate the issue of whether it is entitled to limit its

liability under the provisions of the Limitation Act, in this Court, and that this Court has

exclusive jurisdiction to determine this issue;

2.      Claimants waive any *res judicata* (claim preclusion) and/or *collateral estoppel*

(issue preclusion) effect based on any judgment, order, and/or ruling they may obtain in any

other action outside of the Limitation Action;

3.      If the District Court finds WJBE entitled to limit liability, Claimants agree not to

enforce against WJBE any judgment rendered outside the limitation proceeding for damages

exceeding the value of the vessels and their cargo or corresponding Limitation Fund. The value

of the Limitation Fund equals the combined value of the vessels and their cargo;

4.      Claimants stipulate and agree to there being an irrevocable priority of claims in

the Limitation Action on a *pro rata* basis in proportion to their respective claims/injuries to be

determined by a binding mediation within thirty (30) days following resolution of the State Court

Action;

---

[1] Claimants proposed an amended stipulation with their reply to address certain
objections raised by WJBE in its response, although Claimants contend that their original
stipulation was sufficient. After the Court issued an order raising issue preclusion, Claimants
proposed a further amended stipulation.

PAGE 6 – OPINION AND ORDER

5.      Claimants will not seek to enforce any judgment rendered in any state court, whether against WJBE, any additional insureds under any of WJBE's insurance policies providing coverage for any of Claimants' claims, and/or another person or entity that would be entitled to seek indemnity or contribution from the Plaintiffs in Limitation, by way of cross-claim or otherwise, that would expose the WJBE to liability in excess of the Limitation Fund, until such time as this Court has adjudicated the WJBE's right to limit liability;

6.      Claimants agree to use in the State Court Action any discovery obtained in the Limitation Action, and which is otherwise allowed under the Oregon Rules of Civil Procedure, and to not duplicate any previous discovery efforts; and

7.      Claimants agree to amend the State Court Action to include the Baxter Claimants as plaintiffs.

WJBE initially objected that Claimants' stipulation was unclear whether it would protect WJBE from any potential issue preclusion from a possible state court ruling, decision, or judgment. After the Court issued an order requesting clarification from Claimants, they submitted a revised proposed stipulation clarifying that they waive both claim preclusion and issue preclusion. The Court finds that revised Stipulation No. 2 adequately protects WJBE from issue preclusion as well as claim preclusion.

WJBE also objects that allowing the state court action to proceed will deplete its insurance coverage, when one of the purposes of the Limitation Act is to permit the shipowner to retain the benefit of its insurance coverage. This concern, however, is ameliorated by the fact that all the claims against WJBE are being consolidated into a single state court action, which also is using discovery obtained in this action. WJBE's concern also is present in every case involving a limitation of liability claim, and that is part of the tension between allowing suitors to seek

PAGE 7 – OPINION AND ORDER

remedies in state court or a jury trial in federal court and allowing shipowners to seek limitation

of liability in equity in federal court. Courts have created the single claimant exception (or multi-

claimants effectively proceeding as a single claimant) even though insurance proceeds may be

depleted because of the protections built-in to the various stipulations. The important fact on this

point is that Claimants stipulate to participate in a single action. *Cf. Matter of Prowler, Inc.*, 2019

WL 13199742, at *7 (S.D. Cal. Dec. 19, 2019) (rejecting stipulation as not adequately

safeguarding the shipowners' rights because the claimants did not "adequately stipulate to

proceed in a single action in state court as a single claimant"); *In re Complaint of San Francisco

Bar Pilots*, 2006 WL 16879, at *2 (N.D. Cal. Jan. 3, 2006) (rejecting stipulation as not

adequately safeguarding the shipowners' rights, in part because the stipulation "does not contain

language which requires Claimants to proceed in a single action in state court").

WJBE's final objection[2] is that the proposed stipulation does not properly bind claimants

to an irrevocable priority of claims because it leaves the determination to a future date and to

mediation, which is voluntary. Claimants modified the stipulation to include that the claims shall

be "*pro rata*" and the mediation shall take place within 30 days after resolution of the state court

action. This is sufficiently precise. Further, the stipulation includes that the mediation shall be

binding. The fact that mediation is voluntary does not mean it cannot be binding. Claimants are

able to voluntarily agree to a binding mediation. *See, e.g.*, *Nike, Inc. v. Enter Play Sports,

Inc.*, 2016 WL 3067439, at *5 (D. Or. May 31, 2016) (explaining that "the parties' agreement to

be bound by the final decision of the neutral would be perfectly enforceable"); *Bowers v.

Raymond J. Lucia Cos., Inc.*, 206 Cal. App. 4th 724, 735 (2012) (rejecting argument that the

---

[2] WJBE raised other objections, but the Court finds that Claimants sufficiently addressed those by amending their stipulation.

term "binding mediation" in the contract is inherently uncertain and enforcing settlement reached by the mediator); *Nat'l Ass'n of Bus. Representatives v. Teamsters Loc. Union No. 948*, 2007 WL 2904221, at *11 (E.D. Cal. Oct. 3, 2007) (finding that the parties were bound by their contractual agreement that the decision of the mediator would be final and binding and noting that "[t]here is no law of which the Court is aware that the parties cannot contractually agree in advance to be bound by the [mediator's] decision"). The Court finds that the stipulation sufficiently protects WJBE's interests with respect to the priority of claims.

Claimants' stipulations protects WJBE's right to seek limitation of liability in this Court. Thus, the Court exercises its discretion to stay this case and lift the monition and statutory injunction on Claimants' claims against WJBE. Claimants may pursue their claims in the Powter state court action.

## CONCLUSION

The Court GRANTS Claimants' Motion to Stay Limitation Action and to Lift Monition, ECF 33. The Order directing Claimants to cease their state court proceedings is lifted. This case is STAYED pending the resolution of Claimants' single state court proceeding. The parties are directed to provide the Court with a joint status report 14 days after the resolution of the state case or within one year, whichever is sooner.

**IT IS SO ORDERED**.

DATED this 31st day of October, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge